## BRADLEY v. BRADLEY.

(Supreme Court, Appellate Division, First Department. April 22, 1910.)

1. DISCOVERY (§ 45*)—RIGHT—PERSONS ENTITLED—PARTIES.
    Code Civ. Proc. §§ 803–809, relating to discovery of books and papers upon petition therefor by a party, do not authorize a receiver, appointed in a divorce action for defendant's personalty and rents of his realty, to move for an order for defendant's examination relating to his property; he not being a party to the action.
    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 59; Dec. Dig. § 45.*]

2. DISCOVERY (§ 28*)—"EXAMINATION"—STATUTORY AUTHORITY.
    A motion in a divorce action for an order to examine defendant as to his property is for an "examination," and not for a "discovery," under Code Civ. Proc. §§ 803–809, relating to discovery of books and papers.
    [Ed. Note.—For other cases, see Discovery, Dec. Dig. § 28.*
    For other definitions, see Words and Phrases, vol. 3, pp. 2534–2535; vol. 3, pp. 2093–2095.]

3. DISCOVERY (§ 45*)—RIGHT—PERSONS ENTITLED—PARTIES.
    Code Civ. Proc. § 870, and the following sections, relating to the taking of depositions, only provide for an examination by a party or one expecting to be a party, so that a receiver for defendant in a divorce action could not move for an examination of defendant thereunder as to his property, not being a party.
    [Ed. Note.—For other cases, see Discovery, Dec. Dig. § 45.*]

4. DISCOVERY (§ 45*)—STATUTORY DISCOVERY—EXAMINATION AS TO PROPERTY.
    A receiver appointed for defendant's property in a divorce action could not move for an examination of defendant as to property now or theretofore held by him belonging to his wife; the receivership not extending to the wife's property, whoever may have it.
    [Ed. Note.—For other cases, see Discovery, Dec. Dig. § 45.*]

Appeal from Special Term, New York County.

Action by Lillian E. Bradley against John J. Bradley. From an order refusing to vacate an order for the examination of defendant, made on application of James F. Egan, as receiver, defendant appeals. Reversed and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

I. N. Jacobson, for appellant.
John F. Connolly, for respondent.

SCOTT, J. The action is by a wife against her husband for a legal separation, and the respondent, not a party to the action, was appointed receiver of the personal property of the defendant and the rents and profits of his real property, and was ordered to apply the same to the payment of alimony and counsel fees directed to be paid to plaintiff by the defendant.

The receiver states that while he has reason to believe that defendant is in partnership with his father in business in the city of New York, and entitled to a certain share of the profits of said business, yet respondent has been unable to locate any property belonging to de-

---

fendant of which he may take possession. It appears that the defendant had paid all the alimony and counsel fees due down to the time that the order for his examination was made, and that his attorney then held enough money to pay the next installment of alimony to fall due. The order for examination sought to be vacated was made on the application of the receiver, and directs the defendant to be examined "touching his property, real and personal, and also touching any property which he may now or which he may have formerly held possession of belonging to his wife, the plaintiff in this action."

We have been referred to no authority, and have been able to find none, authorizing such an order as this. It does not fall within sections 803 to 809, Code Civ. Proc., relating to a discovery of books and papers, because the procedure therein authorized must be taken by a party to the action or proceeding, and defendant is not a party. Furthermore, it is an examination, and not a discovery, which is sought. Nor can the order be sustained under section 870 et seq., for these sections refer to examinations at the instance of a party, or of one who expects to be a party. Particularly is the order unauthorized in so far as it requires the defendant to be examined touching property of his wife which he has or had in his possession. With that the receiver had nothing to do. His receivership extends only to the property belonging to defendant, and not to property belonging to the wife, in whose hands soever it may be.

Order reversed, with $10 costs and disbursements, and motion to vacate order granted, with $10 costs. All concur.